# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JOSIAH STONE, )
 )
         Plaintiff, )
 )
v. ) No. CIV 08-102-RAW-SPS
 )
REX EARL STARR, et al., )
 )
         Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motions to dismiss and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's amended complaint, the defendants' motions, plaintiff's responses, and the defendants replies. Plaintiff brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at the Adair County Jail in Stilwell, Oklahoma. The defendants are Rex Earl Starr, City Judge for the City of Stilwell; James Collins, Mayor of the City of Stilwell; Adair County Jail; Jeremy Drain, Adair County Jailer; Gerald Coleman, Adair County Sheriff; and the City of Stilwell.[1]

Plaintiff alleges he was fined $40.00 for a seat belt violation in February 2008, but

---

[1] Plaintiff's original complaint named Rex Earl Starr, the City of Stilwell, and Adair County Jail as defendants [Docket #1]. On June 23, 2008, plaintiff filed an amended complaint with additional defendants [Docket #23]. Although the amended complaint was filed after responsive pleadings had been filed and without leave of court, none of the defendants has objected to the amended complaint. *See* Fed. R. Civ. P. 15(a). Therefore, the amended complaint supercedes the original complaint. *See Graham v. City of Oklahoma City, Oklahoma*, 859 F.2d 142, 144 (10th Cir. 1988).

was unable to pay that amount. He offered to work off the fine, but Defendant Judge Rex Earl Starr sentenced him to the Adair County Jail. Plaintiff complains the City of Stilwell has no provision for community service, resulting in a debtors' prison, and he proposes that Defendant Mayor Collins administer a community service program for individuals in his financial situation. He also claims Judge Starr was negligent in failing to call the jail to determine whether there was a bed for him.

In his pleading captioned "The Claim Involved" [Docket #25] plaintiff alleges Jailer Drain "is a real nice guy" who was on duty when plaintiff was placed in an overcrowded, unheated cell. Plaintiff asserts he slept on a cement dining table, because the floor was wet. He was given only a small, thin blanket, and he almost froze. He further claims he fell off the table early in the morning and injured his back, but no one would help him. When he was released from jail the next evening, he walked to the emergency room for an examination, X rays, and a steroid injection for pain relief. He maintains Defendants Drain and Sheriff Gerald Coleman failed to provide for his safety and welfare while he was incarcerated, and the Adair County Jail should not incarcerate prisoners from the City of Stilwell. He also recommends that the city adopt a chain gang, which he contends would be more cost effective and would stop bad behavior.

Plaintiff continues in his pleading filed on June 23, 2008, and captioned "No Provision for Community Service or Labor Force as a Means of Relief of Fines by City of Stilwell" [Docket #24], that he belongs to the Elohim City community in northeastern Oklahoma, and Judge Starr is the community's attorney. Plaintiff claims that when Starr learned that plaintiff had sued him, Starr complained to an agent for Elohim, Inc. The agent then served plaintiff with a notice to vacate Elohim City. He asks this court to investigate

Starr's actions with regard to the agent for Elohim City and to award monetary damages from the City of Stilwell, where Starr is a judge.

**Defendant Judge Rex Earl Starr**

Defendant Starr has filed a motion to dismiss, based on his judicial immunity [Docket #15, #33]. "[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734-35 (1980) (citations omitted). *See also Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Plaintiff is complaining that Starr sentenced him to jail instead of allowing him to work off the fine. These claims arose from Defendant Starr's actions as a municipal judge, so he is protected from this suit by judicial immunity.

To the extent plaintiff has requested an investigation of Starr's alleged contact with an agent for Elohim City, the court finds plaintiff's conclusory allegations have raised no constitutional claims. In addition, this form of relief is not available from the court.

**Defendant Adair County Jail**

Defendant Adair County Jail has filed a motion to dismiss, correctly alleging it is not a legal entity that can be sued under 42 U.S.C. § 1983 [Docket #19]. The capacity of an entity to be sued is determined by the law of the state in which the federal district court is located. Fed. R. Civ. P. 17(b). Under Oklahoma law, "any person, corporation, partnership, or unincorporated association [has] capacity to . . . be sued in this state." Okla. Stat. tit. 12, § 2017(B). While the Oklahoma courts have not addressed in a published opinion the issue of whether a jail or prison has capacity to be sued, other jurisdictions have concluded that a county or local jail lacks capacity. *See Lewis v. Houston County Jail*, 876 F. Supp 861, 865 n.1 (E.D. Tex. 1995) ("The Houston County Jail is not a legal entity capable of suit.");

3

*Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person'--it is not a legal entity to begin with."); *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."); *Smith v. Franklin County*, 227 F.Supp.2d 667, 674 -675 (E.D. Ky. 2002) ("[T]he Franklin County Correctional Complex/Franklin County Regional Jail [] is not a legal entity capable of being sued. Rather, as it is a facility owned and provided for by the Fiscal Court and operated by the jailer per [the state constitution and state statutes].").

**Defendant City of Stilwell**

Defendant City of Stilwell also has moved for dismissal, alleging plaintiff has presented no facts or circumstances implicating the City of Stilwell's participation in any alleged constitutional violations [Docket #21, #34]. The alleged violations occurred when plaintiff was sentenced by Defendant Starr and while plaintiff was incarcerated in the Adair County Jail. Plaintiff makes no assertions that the City of Stilwell was involved in plaintiff's sentencing or his treatment in jail, and plaintiff has presented no authority for a constitutional right to community service for defendants who cannot afford to pay fines.

In Oklahoma the sheriff--not the city--has charge of the county jail and its prisoners. *See* Okla. Stat. tit. 19, § 513; Okla. Stat. tit. 57, §§ 47, 52. *See also Lopez v. LeMaster*, 172 F.3d 756, 763 (10th Cir. 1999) ("Under Oklahoma law, a county sheriff is in charge of the jail and the prisoners therein."). Plaintiff's claim against the City of Stilwell fails.

**Defendant Jailer Jeremy Drain**

Defendant Jailer Jeremy Drain alleges in his motion to dismiss that plaintiff has failed to show that Drain personally participated in any of the alleged constitutional violations

4

[Docket #30]. The record shows that with the exception of plaintiff's allegation that Drain placed plaintiff in a cell, there are no allegations of any actions by Drain. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). Plaintiff must demonstrate "a deliberate, intentional act" by [Drain] to violate constitutional rights." *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996) (quoting *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir.1992)). Because plaintiff has not met his burden of showing Defendant Drain personally participated in the alleged constitutional violations, Defendant Drain has no liability.

**Defendant Sheriff Gerald Coleman**

Defendant Sheriff Coleman alleges plaintiff has failed to state a claim upon which relief can be granted [Docket #32]. According to Sheriff Coleman, plaintiff was booked into the Adair County Jail on February 7, 2008, on City of Stilwell charges of Failure to Pay, and he was released on February 8, 2008. Plaintiff's claims that he was placed in an overcrowded cell with no heat, that he injured himself, and that he was not provided with medical care all arose from this brief incarceration.

Defendant Coleman asserts he is not liable in his individual capacity, because plaintiff has failed to show Coleman's personal participation in the alleged constitutional acts. As discussed above, personal participation is essential to plaintiff's recovery on this claim. *Bennett*, 545 F.2d at 1262-63. "Section 1983 will not support a claim based on a respondeat superior theory of liability." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Instead, plaintiff must demonstrate "a deliberate, intentional act" by [Sheriff Coleman] to violate constitutional rights," which may be satisfied by showing Sheriff Coleman "personally

5

directed the violation or had actual knowledge of the violation and acquiesced in its continuance." *Jenkins*, 81 F.3d at 995 (citations omitted). Plaintiff has not presented any allegations of Sheriff Coleman's personal participation, so the claims against Coleman in his individual capacity fail.

It is well established that plaintiff's suit against Sheriff Coleman in his official capacity is equivalent to a suit against Adair County itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). "[A] plaintiff suing a county under section 1983 for the actions of one of its officers must demonstrate two elements: (1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. County Bd. of County Comm'rs.*, 151 F.3d 1313, 1318 (10th Cir. 1998). Liability thus can be imposed on the county only if (1) a constitutional violation occurred, *see City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam), and (2) the violation was caused by a government policy or custom, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A government policy or custom may be manifested either in the acts of "its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Id.* at 694.

Plaintiff spent one night in an allegedly overcrowded and unheated jail cell. He also allegedly was injured when he fell off the table where he was sleeping. Conditions of confinement violate the prohibition against cruel and unusual punishment when "they result[] in unquestioned and serious deprivation of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution . . . 'does not mandate comfortable prisons' and only those deprivations denying 'the minimal civilized measure of life's necessities' are

6

sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 347). "While no single factor controls the outcome of these cases, the length of exposure to the conditions is often of prime importance." *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001). "[A] situation involving filthy cells, poor lighting, inadequate ventilation or air cooling, and unappetizing food 'simply [did] not rise to the level of a constitutional violation' where prisoners were exposed to the conditions for only forty-eight hours." *Id.* (citing *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998)). *See also Estrada v. Kruse*, No. 01-1381, 2002 WL 399204 (10th Cir. Mar. 15, 2002) (holding inmate's four nights and five days in a cold, stripped basement intake cell with minimal clothing and bedding, no personal hygiene items, and no cleaning supplies for the cell did not rise to the level of a constitutional violation). While plaintiff has described uncomfortable conditions in the cell, the court finds he has failed to show his conditions of confinement rose to the level of a constitutional violation.

The court further finds plaintiff has failed to show Defendant Coleman was deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

> "Deliberate indifference" involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (further quotation omitted)). The subjective component is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

*Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff's conclusory allegations that he "fell off the table and hurt [his] back at T11, 12. L1 articulations," and that no one came to help after he spoke to someone over the intercom, do no rise to the level of deliberate indifference to his serious medical needs. Because there was no constitutional violation, the court does not need to assess whether there was a municipal policy or custom, and Defendant Sheriff Coleman is not liable in his official capacity.

## Defendant Mayor James Collins

Finally, the court finds plaintiff has failed to state any facts demonstrating that Defendant Mayor James Collins violated his constitutional rights. Plaintiff's only assertion is that Mayor Collins should initiate a community service program for defendants who cannot pay fines imposed by the municipal court. This claim clearly is frivolous.

## Conclusion

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals has consistently held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493

8

U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

As recently noted by the court in one of plaintiff's other cases, plaintiff is establishing himself as a frequent filer of frivolous lawsuits. *See Stone v. Garrett*, No. CIV 08-388-RAW (E.D. Okla. Oct. 20, 2008). He again is warned that if he continues to file meritless, frivolous, malicious, or abusive complaints in this court, sanctions will be imposed.

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous, pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED** this 31st day of October 2008.

/s/ Ronald A. White
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**